UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE PEREZ, | ) Case No.  SA CV 11-1306 JHN (MRW) |
| Petitioner, | ) |
| vs. | ) ORDER DISMISSING ACTION |
| STATE OF CALIFORNIA, | ) |
| Respondent. | ) |

The Court dismisses Petitioner's defective habeas action for: (a) failure to exhaust state court remedies; (b) failure to state a federal habeas claim; and (c) failure to prosecute or obey a court order.

Petitioner filed this federal habeas action in August 2011. According to the petition, Petitioner pled nolo contendere to assault and gang charges in 2009. Petitioner was sentenced to one year and 10 months in custody. Petitioner did not appeal his conviction or pursue habeas relief in state court. (Docket # 1.)

The Court screened the petition shortly after filing. Magistrate Judge Wilner determined that the petition was defective because Petitioner did not exhaust his habeas claims before coming to federal court. In his filing with this Court,

Petitioner acknowledged this by putting a large "X" through the sections in his form habeas petition in which he was required to list the previous state court postconviction proceedings in his case. (Docket # 1 at 2-4.) Additionally, the federal habeas petition did not set forth a cognizable federal constitutional challenge to Petitioner's conviction. (Docket # 5.)

The Court ordered Petitioner to file an amended petition if he could truthfully set forth claims that asserted a federal constitutional ground for relief that were properly exhausted in state court. Alternatively, the Court advised Petitioner that he could voluntarily dismiss his unexhausted petition. (Docket # 5.) To date, though, Petitioner has not filed an amended petition or any other response to the Court's screening order.

\* \* \*

A prisoner must exhaust all claims as a prerequisite to federal court consideration of a habeas corpus petition. 28 U.S.C. § 2254(b)(1)(A). Petitioner must fairly present those claims to the state's highest court. Rose v. Lundy, 455 U.S. 509 (1982). A claim has not been fairly presented unless the prisoner describes in the state court proceedings both the operative facts and federal legal theory on which his claim is based. Duncan v. Henry, 513 U.S. 364, 370 (1995). Petitioner bears the burden of demonstrating this prerequisite has been met. Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972).

Moreover, a federal habeas petition must allege an appropriate ground for relief. A federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

2

In this case, Petitioner's federal habeas petition consists of entirely unexhausted claims that do not allege a federal constitutional violation. Petitioner did not meet his burden of showing that he exhausted his state court rights before commencing this federal habeas action as required by statute. Indeed, Petitioner directly noted on his habeas petition that he neither appealed his conviction (obtained by plea) nor sought state habeas relief. Based on those admissions, Petitioner's wholly unexhausted petition is subject to dismissal.

In addition to the substantive defects with the petition, Petitioner failed to file an amended petition in response to the Court's screening order or otherwise prosecute his case. Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010); Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992).

In the present case, the Court informed Petitioner that he could not proceed with his habeas petition as pled. The Court instructed Petitioner to file an amended petition, move to dismiss the case, or take other action by a deadline in mid-September. Petitioner failed to file any response to the Court's order. As a result, the Court concludes that Plaintiff does not have any continued interest in advancing his habeas action here. By contrast, the Court, the unserved respondent, and the public have a strong interest in terminating this action. The Court therefore finds that dismissal is appropriate under Rule 41(b).

The Court therefore orders that the case be DISMISSED without prejudice for the reasons stated above.

IT IS SO ORDERED.

DATED: October 6, 2011

_____
JACQUELINE H. NGUYEN
UNITED STATES DISTRICT JUDGE

Presented by:

_____
MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE